**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-2528**

───────────

KHIN WIN KYI,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-512-771)

───────────

Submitted: August 30, 2004          Decided: September 16, 2004

───────────

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Theodore N. Cox, New York, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Donald E. Keener, Deputy Director, John Andre, Senior Litigation Counsel, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Khin Win Kyi, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's (IJ) denial of asylum, withholding of removal, and protection under the Convention Against Torture.  For the reasons discussed below, we deny the petition for review.

Kyi asserts that she established her eligibility for asylum by showing past persecution and a well-founded fear of future persecution.  To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution."  INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).  We have reviewed the evidence of record and conclude that Kyi fails to show that the evidence compels a contrary result.  Accordingly, we cannot grant the relief that Kyi seeks.

Additionally, we uphold the denial of Kyi's application for withholding of removal.  The standard for withholding of removal is more stringent than that for granting asylum.  Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999).  To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution."  INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).  Because Kyi fails to show she is eligible for asylum, she cannot

meet the higher standard for withholding of removal.  Finally, we uphold the denial of Kyi's application for relief pursuant to the Convention Against Torture.  <u>See</u> 8 C.F.R. § 16(c) (2004).

We thus deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>